J-S82042-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHELLE CRAGLE, | : | |
| | : | |
| Appellant | : | No. 1176 WDA 2017 |

Appeal from the PCRA Order July 31, 2017
in the Court of Common Pleas of Lawrence County
Criminal Division, at No(s): CP-37-CR-0000693-2012

BEFORE:  BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

MEMORANDUM BY STRASSBURGER, J.:   **FILED FEBRUARY 27, 2018**

Michelle Cragle (Appellant) appeals from the order dismissing her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was charged with one count of corruption of minors at 18 Pa.C.S. § 6301(a)(1)(ii), a qualifying offense under the Sex Offender Registration and Notification Act (SORNA) pursuant to 42 Pa.C.S. § 9799.14(b)(8).  Appellant entered into a guilty plea on November 6, 2014. In exchange for not being required to register as a sex offender, Appellant pled guilty to corruption of minors at subsection 6301(a)(1)(i), a non-qualifying offense, and was sentenced to a negotiated term of three years of probation with an agreed-upon condition that she undergo sex offender treatment.

_____

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

On November 19, 2014, Appellant filed a motion to withdraw her guilty plea due to a probationary condition restricting visitation with her children. Following the appointment of new counsel and a hearing, Appellant requested to withdraw the motion. The trial court granted Appellant's request, and revised the challenged probationary condition to permit visitation in accordance with an approved Children and Youth Services plan. Order, 4/1/2015.

On November 18, 2015, Appellant violated her probation by entering a guilty plea to new charges. Her original sentence was revoked, and she was sentenced on November18, 2015, to 127 days to two years of imprisonment, followed by two years of probation with the original condition that she undergo sex offender treatment. Appellant did not file a post-sentence motion or appeal.

In October 2016, Appellant "learned through jailhouse rumor of information indicating the mother of one of the witnesses at the preliminary hearing … may have coached her son as to his testimony." PCRA Court Opinion, 8/31/2017, at 2-3. Appellant *pro se* timely filed a PCRA petition on November 9, 2016, alleging several claims for relief. The PCRA court appointed counsel, who filed amended petitions on February 17, 2017, and February 22, 2017. The PCRA court held hearings on April 4, 2017, and June 1, 2017. On July 31, 2017, the PCRA court issued an opinion and order denying Appellant's PCRA petition.

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925. Appellant presents this Court with the following claims of error.

A. [] Appellant is entitled to a new trial on the basis of newly discovered evidence[1] and the PCRA court was in error for not granting a new trial based on said evidence.

B. The sentence of [] Appellant to corruption of minors under 18 Pa.[C.S. §] 6301(a)(1)(i) is illegal, non-applicable, and thus void *ab initio* tainting all the proceedings thereafter, in[]as[]much as the [sub]section under which Appellant pled guilty was for non-sexual offenders, however her sentence always included sex offender treatment and rules, as the legislature intended under 18 Pa.[C.S. §] 6301(a)(1)(ii) and the PCRA court was in error for not vacating said sentence and awarding Appellant a new trial[.]

Appellant's Brief at 4 (unnecessary capitalization removed).

"Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

---

[1] While Appellant refers to "newly discovered evidence" she is actually asserting an after-discovered evidence claim pursuant to 42 Pa.C.S. § 9543(a)(2). **See Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) (explaining that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)[]").

Appellant first claims that the PCRA court erred in denying her motion for a new trial based on after-discovered evidence. Appellant's Brief at 10-22. Prior to pleading guilty, Appellant appeared for a preliminary hearing at which Detective Kevin Seelbaugh and two children (D.B. and S.L.) testified. The after-discovered evidence at issue is a statement from fellow inmate Lisa Jones-Orock, who alleges that she overheard D.B.'s mother (D.S.) imply that she had attempted to coach D.B.'s preliminary hearing testimony. Appellant's Brief at 11.

"When an appellant enters a guilty plea, she waives her right to challenge on appeal all non-jurisdictional defects except the legality of [her] sentence and the validity of [her] plea." **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008) (citation and quotation marks omitted). However, the Supreme Court has held that "any after-discovered evidence which would justify a new trial would also entitle a defendant to withdraw his guilty plea." **Commonwealth v. Heaster**, 171 A.3d 268, 273 n.6 (Pa. Super. 2017) (quoting **Commonwealth v. Peoples**, 319 A.2d 679, 681 (Pa. 1974)).

Here, Appellant asks this Court to vacate her conviction and grant her a new trial. Appellant's Brief at 22. However, because the after-discovered evidence at issue concerns testimony from a preliminary hearing, following which Appellant entered a guilty plea, we note that she actually is asking to withdraw her guilty plea. Regardless, under **Peoples** our review is the same, and we consider her claim mindful of the following.

- 4 -

To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted.

**Commonwealth v. Rivera**, 939 A.2d 355, 359 (Pa. Super. 2007) (citation omitted).

D.S. and Jones-Orock testified at the April 4, 2017 evidentiary hearing. The PCRA court summarized the testimony as follows.

[D.S.] testified first and was the mother of the witness in question[, D.B.]. [D.S.] was imprisoned on a retail theft conviction in October 2016. [D.S.] testified she did not know Lisa Jones-Orock well although they were together in Lawrence County Corrections at the same time and also shared a bunk. [D.S.] stated Jones-Orock did not like her and they only spoke briefly during the time they were incarcerated together. Regarding her children, [D.S.] stated she did not bring up the matter herself, but that people would ask her about the situation. [D.S.] could not identify the persons with [whom] she had the conversations. [D.S.] further described the conversations as not including much detail except to say [Appellant] "got off with it because her lawyer did a good job." [D.S.] was then extensively examined as to whether she ever coached any of her children. [D.S.] denied this and also denied ever having told anyone at the county jail she coached her children to say anything.

Lisa Jones-Orock contradicted [D.S.'s] testimony. Jones-Orock was imprisoned on charges of criminal homicide in October 2016. Jones-Orock testified she was a bunkmate of … [D.S.], and she recalled a specific incident where [Appellant] and [D.S.] were separated, and [D.S.] and other girls on the block were talking about [Appellant's] case. The testimony of [D.B.] came up in regards to a way in which he misspoke, at which point [D.S.] told the other girls "that's not what I told him to say."

- 5 -

PCRA Court Opinion, 8/31/2017, at 4-5 (footnotes and unnecessary capitalization omitted).[2]

Appellant argues that the after-discovered evidence would have been admissible at a trial, **see** Appellant's Brief at 19-22, and "would be used by Appellant to show that the information which the Commonwealth originally charged her under was buil[t] on a false foundation." Appellant's Brief at 18.

The PCRA court addressed this argument as follows.

> The evidence being presented as newly discovered is hearsay testimony that the mother of one of the witnesses at the preliminary hearing coached her son. The mother did not testify at the preliminary hearing herself. This evidence of coaching does not satisfy all the elements to obtain relief under the rules relating to newly-discovered[3] evidence, *i.e.*, any evidence of coaching would only go to the credibility of her son's testimony. Because evidence solely used to impeach credibility is outside the scope of the avenue for relief, [Appellant's] [] PCRA [p]etition [wa]s denied.

PCRA Court Opinion, 8/31/2017, at 5.

"A defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence solely to impeach a witness's credibility." **Commonwealth v. Griffin**, 137 A.3d 605, 610 (Pa. Super. 2016) (citations and quotation marks omitted). The PCRA court's conclusion that the alleged

---

[2] The PCRA court noted that both D.S. and Jones-Orock had *crimen falsi* convictions in their pasts. PCRA Court Opinion, 8/31/2017, at 4 n.5, 5 n.7.

[3] Though the PCRA court used the wrong nomenclature, it correctly analyzed Appellant's claim under the after-discovered evidence framework.

after-discovered evidence would not be used for anything beyond impeaching D.B.'s credibility at a new trial is supported by the record. **See id.** (quoting **Commonwealth v. Castro**, 93 A.3d 818, 827, n.13 (Pa. 2014)) (finding that "[e]ven if his impeachment would 'destroy and obliterate' a witness, it is still impeachment" and "a new trial could not be granted … on that basis alone"). Accordingly, we conclude that the PCRA court did not err in determining that Appellant's after-discovered evidence claim failed.

Appellant alleges in her second claim that her sentence is illegal because it includes sex offender treatment even though she pled guilty to a non-qualifying offense. Appellant's Brief at 22-27.

We note at the outset that Appellant's original sentence was imposed pursuant to a negotiated plea agreement to include specifically a probationary condition of sex offender treatment. **See** N.T., 11/6/2014, at 4 (acknowledging that her understanding of the negotiated sentence was "three years probation; sexual offense treatment, yes"). Following revocation, the same probationary conditions were requested by the Commonwealth, N.T., 11/18/2015, at 4, and imposed by the court, Order, 11/18/2015.

However, a defendant may not agree to an illegal sentence, even as part of a negotiated plea agreement. **See Commonwealth v. Gentry**, 101 A.3d 813, 819 (Pa. Super. 2014).

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application

of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Hall***, 994 A.2d 1141, 1144 (Pa. Super. 2010) (citation omitted). The statutory authorization for a sentencing judge to impose probationary conditions is found in 42 Pa.C.S. § 9754.

> **(a) General Rule.**—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.
>
> **(b) Conditions generally.**—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.
>
> **(c) Specific conditions.**—The court may as a condition of its order require the defendant:
>
> * * *
>
> (13) To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

42 Pa.C.S. § 9754. "By its plain terms, Section 9754 empowers sentencing courts to impose reasonable conditions of probation … to assist the defendant in leading a law-abiding life, so long as the conditions do not result in a violation of the defendant's essential constitutional liberty and freedom of conscience." ***Commonwealth v. Hall***, 80 A3d 1204, 1212 (Pa. 2013).

The PCRA court responded to Appellant's claim as follows.

> [Appellant] is correct in that her conviction for [c]orruption of [m]inors pursuant to 18 Pa.C.S. § 6301(a)(1)(i) is not a

SORNA-qualifying offense. However, the underlying facts of her specific circumstances justify the imposition of non-SORNA sex offender rules and regulations. Specifically, [Appellant's] [c]orruption of [m]inors charge arose out of circumstances where [Appellant] admits that she "[permitted] three juveniles to engage in sexual acts with each other while they were under [her] supervision and care." [N.T. 11/6/2014, at 9.]

Moreover, in the intervening time between [Appellant's] initial sentence and the revocation …, compounding factors occurred. First, [Appellant's] husband Larry Cragle was found guilty of several sex offenses relating a pattern of sexual conduct [at] the mutual home of Larry Cragle and [Appellant]. Second, despite being out on bail, Larry Cragle failed to appear for his sentencing as ordered, and after a manhunt lasting two weeks, Larry Cragle was found in his own house being harbored and protected by [Appellant]. Larry Cragle had been sheltered and hidden in a false room in the attic of their house. Despite the underlying charge not being a SORNA-qualifying offense, given the underlying facts of the case, as well as the subsequent intervening facts after initial sentencing on November 6, 2014, the addition of non-SORNA sex-offender rules as part of [Appellant's] sentence [is] reasonably related to her rehabilitation.

PCRA Court Opinion, 8/31/2017, at 10-11 (footnotes omitted).

Based on the foregoing, we conclude that the trial court did not err by imposing this condition. While Appellant negotiated a guilty plea to a subsection that was not SORNA-qualifying, she was charged under a subsection that was. The conduct underlying her conviction and the circumstances leading to her revocation establish that sex offender treatment is appropriate. Thus, this condition was reasonably related to her rehabilitation, intended to assist her in living a law-abiding life, and did not constitute a violation of her rights. Appellant's sentence is not illegal, and she agreed to that specific probationary condition at the time of her original plea.

Accordingly, we find that the PCRA court properly dismissed Appellant's petition, and as such, we affirm.

Order affirmed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

---

[4] We note with displeasure that the PCRA court, Appellant, and the Commonwealth cited to and relied upon unpublished memoranda in their respective filings. **See** PCRA Court Opinion, 8/31/2017, at 9-10; Appellant's Brief at 17, 18, 25; Commonwealth's Brief at 11. We remind all parties that this is prohibited, and refer them to Superior Court Internal Operating Procedure § 65.37(A) regarding citation to unpublished memoranda.

> **An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding**, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, *res judicata*, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding. When an unpublished memorandum is relied upon pursuant to this rule, a copy of the memorandum must be furnished to the other party and to the Court.

210 Pa. Code § 65.37(A) (emphasis added).

Date:  <u>2/27/2018</u>